UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE W. HOOKER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. SPEARMAN, Warden,<br><br>　　　　　Respondent. | Case No. 16-cv-04432-DMR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus." Dkt. 1.[1] Petitioner also seeks leave to proceed *in forma pauperis*, which will be granted below. Dkt. 2.

Petitioner has consented to magistrate judge jurisdiction. Dkt. 1 at 7. Therefore, this matter has been assigned to the undersigned Magistrate Judge.

The instant petition does not challenge either the fact of Petitioner's conviction or the length of his sentence. Rather, it pertains to the conditions of Petitioner's confinement. Such claims are typically presented in a civil rights action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1

---

[1] Petitioner previously filed a habeas corpus action challenging his 2008 conviction in the Santa Clara County Superior Court, which is in the venue of the Northern District of California. *See* Case No. C 11-01652 SBA (PR). On July 16, 2014, Judge Saundra Brown Armstrong denied his federal habeas petition as to all claims, and issued the judgment. *See* Dkts. 13, 14 in Case No. C 11-01652 SBA (PR).

1  (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and
2  conditions of confinement must be brought in civil rights complaint).

3  The Supreme Court has declined to address whether a challenge to a condition of
4  confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979);
5  *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996).
6  However, the Ninth Circuit has held that a habeas action is an improper vehicle to address claims
7  based on the prisoner's conditions of confinement. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th
8  Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful
9  challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

10  A district court may construe a habeas petition attacking conditions of confinement as a
11  civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971),
12  but is not required to do so. Since the *Wilwording* case, there have been notable changes in the
13  law. For instance, the filing fee for a habeas petition is $5.00; if leave to proceed *in forma*
14  *pauperis* is granted, the fee is forgiven. In civil rights cases, however, the applicable fee is
15  $400.00. Under the Prisoner Litigation Reform Act, the prisoner is required to pay the entire
16  amount. Even if granted leave to proceed *in forma pauperis*, the prisoner must still pay the
17  $350.00 filing fee (though not the $50.00 administrative fee), by way of deductions from his or her
18  prisoner account. In addition, the pleading forms applicable to habeas actions are different than
19  for a civil rights action. Thus, information that is important in a civil rights case (such as whether
20  the prisoner fully exhausted his claims) is not included in a habeas form petition. Given these
21  distinctions, the court finds that the preferable course of action is to dismiss the action without
22  prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above.
23  Accordingly,

24  IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice to
25  refiling as a civil rights action. Petitioner's motion for leave to proceed *in forma pauperis* is
26  GRANTED. Dkt. 2.

27  The Clerk of the Court shall enter judgment, terminate all pending motions, and close the
28  file.

The Clerk shall also send Petitioner a blank civil rights form and the court's prisoner *in forma pauperis* application form along with his copy of this Order.

IT IS SO ORDERED.

Dated: November 2, 2016

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE W. HOOKER,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTION REHABILITATION, et al.,

    Defendants.

Case No. 4:16-cv-04432-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2016, I SERVED a true and correct copy(ies) of the attached, blank Civil Rights form and In Forma Pauperis Application Form by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice W. Hooker ID: V-17290
High Desert State Prison
P.O. BOX 3030
Susanville, CA 96127-3030

Dated: November 2, 2016

    Susan Y. Soong
    Clerk, United States District Court

    By:_____
    Ivy Lerma Garcia, Deputy Clerk to the
    Honorable DONNA M. RYU